AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

FILED
JUL 29 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

| | |
|---|---|
| United States of America<br>v.<br>Cristian Fernando Quintero Felix<br><br>*Defendant(s)* | Case No.<br>4-13-70863 MAG |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __July 12, 2013__ in the county of __Alameda__ in the
__Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1), (b)(1)(C);<br>18 U.S.C. 924(c)(1);<br>18 U.S.C. 922(g);<br>8 U.S.C. 1326 | Poss. With Intent To Distribute Cocaine/Penalties: Impris. Max. 20 Yrs.; Fine $1,000,000; Supervised Release Mand. 3 Years; $100 -- Poss. of a Firearm During Drug Trafficking Crime/Penalties: Impris. Mand. Min. 5 Yrs. Consec. To Any Other Term of Impris./Max. Life Impris.; Fine $250,000; Supervised Release Max. 5 years; $100 -- Poss. of a Firearm by a Convicted Felon/ Penalties: Impris. Max 10 Yrs.; Fine $250,000; Supervised Release Max 3 Years; $100 -- Re-Entry of Removed Alien/Penalties: Impris. Max. 2 Yrs.; Fine $250,000; Supervised Release 3 Years; $100 |

This criminal complaint is based on these facts:
See Attached Affidavit of HSI Special Agent Jeremy Bourgeois

Approved as to Form: /s/ AUSA Natalie Lee

☑ Continued on the attached sheet.

_____
Complainant's signature

Jeremy Bourgeois, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7/29/13

_____
Judge's signature

City and state: Oakland, California      Honorable Donna M. Ryu, Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jeremy Bourgeois, being duly sworn, depose and state:

### I. INTRODUCTION AND PURPOSE OF AFFIDAVIT

1. This affidavit is submitted in support of a criminal complaint and arrest warrant against Cristian Fernando Quintero Felix for violating Title 18, United States Code, Section 922(g)(1); Title 18, United States Code, Section 924(c); Title 21, United States Code, Section 841; and Title 8, United States Code, Section 1326. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, my review of documents and computer records related to this investigation, communications with others who have personal knowledge of the events and the circumstances described herein, and information gained through my training and experience. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint and arrest warrant, it does not set forth each and every fact that I, or others, have learned during the course of the investigation.

### II. AGENT'S BACKGROUND

2. I am a Special Agent with Homeland Security Investigations ("HSI") and have been so employed for approximately four years. I am presently assigned to HSI's San Francisco office, where I investigate violations of federal law, with a focus on violent crimes and crimes committed by organized transnational gangs. During my career with HSI, I have received training on a variety of law enforcement subjects, including violent crimes, gang organization, narcotics trafficking, criminal procedure, searches and seizures, and the various gangs operating in the San Francisco Bay Area. I have conducted and participated in investigations of violent street crimes and have participated in the execution of numerous search and arrest warrants. The

1

1 information set forth below is based on my own investigation and/or on conversations I have had
2 with other law enforcement officers.

## III. APPLICABLE LAW

3. Title 18 U.S.C § 922(g)(1) prohibits certain individuals from possessing any firearm or ammunition. It states in relevant part:

"It shall be unlawful for any person, who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to possess in or affecting commerce, any firearm or ammunition."

4. Title 18 U.S.C § 924(c) prohibits the use of a firearm during and in relation to, and in furtherance of, a drug trafficking crime and/or crime of violence. It states in relevant part:

"Any person who, during and in relation to any crime of violence or drug trafficking crime for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm."

5. Title 21 U.S.C § 841 pertains to the distribution of controlled substances. It states in relevant part:

"It shall be unlawful for any person knowingly or intentionally, to manufacture, create, distribute, dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance, or counterfeit substance."

6. Title 8 U.S.C § 1326 prohibits the reentry of removed aliens. It states in relevant part:

"Any alien who has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter, enters, attempts to enter, or is at any time found in the United States, shall be fined under Title 18, or imprisoned not more than 2 years, or both."

//
//
//

2

## IV. FACTS SUPPORTING PROBABLE CAUSE

7. On July 24, 2013, I received a copy of the Oakland Police Department (OPD) arrest report, incident number: 13-035407, pertaining to the arrest of Cristian Quintero Felix. I learned the following from a review of the police report.

8. On July 12, 2013, at approximately 3:00 pm, OPD Officers Garcia and Lowe were on patrol and received information from OPD Officer Sevilla concerning a subject carrying a firearm in the area of the 1500 block of 36th Avenue, Oakland, California. More specifically, this individual was described as a male Hispanic in his 20s named "Cris," with braided hair, wearing a tan vest, white t-shirt, blue jeans, white shoes, and carrying a brown backpack on his back. Officer Sevilla further advised that "Cris" was in possession of a firearm that was located inside of the brown backpack. Officers then responded to the area to investigate.

9. Upon arriving to the area, Officers entered a store located at 1546 35th Avenue, Oakland, California. After entering the store Officers immediately observed an individual matching the description provided. Officers approached the individual and smelled a strong odor of fresh marijuana emanating from his person. Based on all of the aforementioned information received by Officers to include the odor of marijuana, Officers detained "Cris" who they later identified as Cristian Quintero.

10. Quintero was escorted to the Officer's patrol vehicle at which time Officers searched his backpack. Inside the backpack Officers discovered two handguns, the first of which is described as a silver, semi-auto, .25 caliber handgun with serial # B93652, manufactured by F.I.E. Corp., with a partially loaded magazine, and (1) one, .25 caliber live round of ammunition. The second handgun is described as a black, semi-auto, .32 caliber, with an obliterated serial number, and a partially loaded magazine.

11. Officers also discovered the following items (amongst other things) inside of the backpack: one clear plastic knot containing white powder of suspected cocaine hydrochloride;

3

one blue mentos container, containing a clear plastic ziplock baggie of suspected crystal methamphetamine and 14 clear plastic baggies of white powder of suspected cocaine hydrochloride; one clear plastic baggie containing numerous amounts of ziplock baggies with mushroom emblems; one clear plastic baggie containing numerous amounts of ziplock baggies with skull emblems; one white plastic pill bottle labeled "super lactose; two loose buds of green leafy substance of suspected marijuana (recovered from Quintero's left hand). Officers also discovered a white cutting agent for the suspected cocaine hydrochloride. A search of Quintero's person revealed $84.00 US currency.

12. Officers ran a file check on Quintero and found that he was on active probation for violating California Penal Code (PC) Section 25400(A)(1) with a full search clause. I conducted an open source query of the aforementioned penal code and it is described as follows: "(a) A person is guilty of carrying a concealed firearm when the person does any of the following: (1) Carries concealed within any vehicle that is under the person's control or direction any pistol, revolver, or other firearm capable of being concealed upon the person."

13. Officers then conducted a check of the firearm with the visible serial number #B93652, and it returned as stolen. Specifically, the firearm was reported as stolen on June 24, 2004, out of Pearl River County, Mississippi.

14. On July 25, 2013, I conducted an internet search for both of the aforementioned firearms and found that both were manufactured outside of the state of California.

15. Quintero was arrested by OPD based on all of the foregoing facts to include his possession of a large amount of suspected cocaine and suspected crystal methamphetamine, some of which was packaged and ready for sales, and for his possession of two firearms, one of which was loaded and stolen.

4

16. On July 24, 2013, I reviewed the alien file related to Quintero's prior removal from the United States and discovered the following. Quintero was encountered by Enforcement and Removal Operations (ERO) on June 23, 2012, while incarcerated at the Santa Rita Jail, located in Dublin, California. Quintero had been arrested for the following offenses: California Health & Safety (HS) Code Section 11350(A) (Possess Narcotic Controlled Substance); PC 25800(A) (Carry Loaded Firearm); PC 32310 (Manufacturing/Sale Large Capacity Magazine); HS 11370.1(A) (Possess Controlled Substance While Armed); VC 12500(A) (Driving w/o License); and HS 11359 (Possess Marijuana for Sale).

17. During an interview with ERO, Quintero admitted to being a native and citizen of Mexico. He further admitted that his last entry into the United States was at an unknown time in 2002, at or around San Ysidro, California, and that he was not admitted, inspected or paroled by an Immigration Official. ERO conducted database checks for Quintero and found no evidence of immigration claims, petitions, or applications. Quintero also stated that both of his parents are natives and citizens of Mexico. According to the ERO report, Quintero claimed fear and was set up for an asylum interview to address this claim. Quintero was processed by ERO with a warrant of arrest/notice to appear (NTA) and served with the NTA on July 16, 2012.

18. On August 8, 2012, Quintero received a final order of removal by the Immigration Judge with the Executive Office of Immigration Review, and was subsequently removed from the United States on August 9, 2012, via the Otay Mesa, California port of entry afoot.

19. On July 24, 2013, I performed a search in the Citizenship and Immigration Services (CIS) database using Quintero's alien number (A205465259), and found no evidence of pending claims, or applications allowing Quintero to remain in the United States lawfully.

5

20. On July 25, 2013, HSI Special Agent Mario Huelga performed a search in the Computer-Linked Application Information Management System (CLAIMS) database utilizing Quintero's alien number (A205465259), and found no evidence of pending claims, or applications allowing Quintero to remain in the United States lawfully.

21. There is no indication in Immigration and Customs Enforcement's official files that Quintero has applied for or been granted the requisite permission to reenter the United States from either the Attorney General of the United States or the Secretary of the Department of Homeland Security.

22. On July 25, 2013, I submitted three copies (Exhibits A, B, and C) of fingerprints belonging to Quintero to the Federal Bureau of Investigation (FBI) Special Processing Center for comparison. Exhibit "A" consisted of fingerprints taken by OPD Officers after they arrested Quintero on July 12, 2013; Exhibit "B" consisted of fingerprints taken by ERO on July 13, 2012; and Exhibit "C" consisted of Quintero's right index fingerprint taken from his Warrant of Removal/Deportation on August 9, 2012. On the same day, I received a response from the FBI relating to the request for fingerprint verification I previously submitted. The FBI fingerprint examiner confirmed that the fingerprints taken on July 25, 2013 (Exhibit A) are an identical match with the fingerprints dated July 13, 2012 (Exhibit B). However, the FBI advised that the copy of the right index print on the Warrant of Removal/Deportation (Exhibit C), is too poor in quality to make a comparison.

## V. CONCLUSION

23. Based on all of the facts and circumstances described in this affidavit, along with my training, experience, and consultations with others, there is probable cause to believe that Cristian Felix Quintero did commit the criminal offenses of being a felon in possession of a firearm and ammunition, in violation of Title 18 USC § 922(g)(1); possession of a firearm during

6

and in relation to, and in furtherance of, a drug trafficking crime, in violation of Title 18 USC § 924(c); possession of controlled substances with the intent to distribute, in violation of Title 21 USC § 841; and reentry of a removed alien from the United States, in violation of Title 8 USC § 1326.

I swear, under penalty of perjury, that the foregoing information is true and correct, to the best of my knowledge, information and belief.

Special Agent Jeremy Bourgeois
Homeland Security Investigations

Subscribed and sworn to before me this ___29th___ day of July, 2013.

The Honorable Donna M. Ryu
United States Magistrate Judge
Northern District of California
Oakland, California

7